U N I T E D   S T A T E S   D I S T R I C T   C O U R T
D I S T R I C T   O F   N E W   J E R S E Y



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
  JUDGE

## LETTER OPINION

May 7, 2009

John T. Doyle
12 Glenside Drive
Annandale, NJ 08801
*(Attorney for Plaintiff Tyrone Bodison)*

Robert P. Preuss
Office of the Attorney General
P.O. Box 112
25 Market Street
Trenton, NJ 08625
*(Attorney for Defendant University of Medicine and Dentistry of New Jersey)*

> Re:  Tyrone Bodison v. University of Medicine and Dentistry of New Jersey
>      <u>Civil Action No. 2:07-CV-2616 (WJM)</u>

Dear Counsel:

    This matter comes before the court of Defendant University of Medicine and Dentistry of New Jersey's ("UMDNJ") motion for summary judgment to dismiss Plaintiff Tyrone Bodison's gender-based reverse discrimination claim.  The Court did not hold oral argument.  Fed. R. Civ. P. 78.  For the following reasons, UMDNJ's motion to dismiss is **GRANTED**.

## BACKGROUND

    Plaintiff is a senior housekeeper at UMDNJ.  (Certification of John T. Doyle ("Doyle Cert.") Ex. A.)  Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") on February 17, 2006.  (*Id.*)  The charge alleged that a female senior house keeper–Ms. Bess–did not perform the same duties as male senior

housekeepers. (*Id.*) In particular, the female senior house keeper was not required to perform trash removal and stripping and waxing of floors. (*Id.*) The charge further stated that, on January 17, 2006, UMDNJ required male senior house keepers to complete snow details while female senior house keepers stayed inside. (*Id.*)

The EEOC sent Plaintiff a dismissal and notice of right to sue on March 12, 2007. (*Id.* at Ex. C.) On or about June 5, 2007, Plaintiff filed the present action, alleging that UMDNJ had discriminated against him because of his sex. Discovery has ended and UMDNJ now moves for summary judgment pursuant to Fed. R. Civ. P. 56.

## STANDARD OF REVIEW

Summary judgment eliminates unfounded claims without resorting to a costly and lengthy trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Celotex*, 477 U.S. at 323. Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

## DISCUSSION

This is a disparate treatment reverse discrimination claim under Title VII. In the standard Title VII action, courts apply the burden-shifting analysis developed by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). However, the Third Circuit has developed a modified burden shifting analysis for reverse discrimination matters. *Mosca v. Cole*, 217 Fed. Appx. 158, 161 (3d Cir. 2007). In these situations, a plaintiff must establish that: (1) he or she was qualified for his position; (2) he or she suffered from an adverse employment action; and (3) "sufficient evidence" exists to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII. *Iadimarco v. Runyon*, 190 F.3d 151, 161 (3d Cir. 1999).

If a plaintiff establishes a prima facie case, the burden shifts to the employer to produce evidence of a legitimate non-discriminatory reason for the adverse employment

housekeepers. (*Id.*) In particular, the female senior house keeper was not required to perform trash removal and stripping and waxing of floors. (*Id.*) The charge further stated that, on January 17, 2006, UMDNJ required male senior house keepers to complete snow details while female senior house keepers stayed inside. (*Id.*)

The EEOC sent Plaintiff a dismissal and notice of right to sue on March 12, 2007. (*Id.* at Ex. C.) On or about June 5, 2007, Plaintiff filed the present action, alleging that UMDNJ had discriminated against him because of his sex. Discovery has ended and UMDNJ now moves for summary judgment pursuant to Fed. R. Civ. P. 56.

## STANDARD OF REVIEW

Summary judgment eliminates unfounded claims without resorting to a costly and lengthy trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Celotex*, 477 U.S. at 323. Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

## DISCUSSION

This is a disparate treatment reverse discrimination claim under Title VII. In the standard Title VII action, courts apply the burden-shifting analysis developed by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). However, the Third Circuit has developed a modified burden shifting analysis for reverse discrimination matters. *Mosca v. Cole*, 217 Fed. Appx. 158, 161 (3d Cir. 2007). In these situations, a plaintiff must establish that: (1) he or she was qualified for his position; (2) he or she suffered from an adverse employment action; and (3) "sufficient evidence" exists to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII. *Iadimarco v. Runyon*, 190 F.3d 151, 161 (3d Cir. 1999).

If a plaintiff establishes a prima facie case, the burden shifts to the employer to produce evidence of a legitimate non-discriminatory reason for the adverse employment

action. *Id.* at 157. Thereafter, the plaintiff must prove by the preponderance of the evidence, that the employer's proffered reasons constituted a "pretext" for discrimination. *Id.* at 166. A plaintiff shows "pretext" by pointing to some evidence, direct or circumstantial, from which a fact finder could reasonably either: (1) disbelieve the employer's articulated legitimate reason; (2) or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Id.*

Turning to the facts of this case, Plaintiff has not established a prima facie case of reverse gender discrimination. Plaintiff does not present "sufficient evidence" from which a fact finder could conclude that UMDNJ treats male housekeepers different than female housekeepers based on their gender. As stated in the EEOC complaint, Plaintiff alleges that female senior house keepers do not perform the same tasks as male senior house keepers, specifically trash removal, snow removal, and stripping and waxing of floors. (Doyle Cert. Ex A.) However, Plaintiff admits in his deposition testimony that female house keepers perform each of these tasks. (*Id.* at Ex. B, p. 45, 69.) Likewise, he acknowledges that some male senior house keepers do not do stripping and waxing, garbage removal, and snow removal. (*Id.* at Ex. B, p. 58, 67, 69, and 74.)

Even assuming that Plaintiff proffered "sufficient evidence" of gender-based discrimination, Plaintiff did not suffer an "adverse employment action." Although Plaintiff alleges that UMDNJ assigns male senior housekeepers more burdensome tasks than female senior housekeepers, the Third Circuit defines the phrase "adverse employment action" as an action by an employer which is "serious and tangible enough to alter an employee's compensation, terms, and conditions, and privileges of employment." *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001). Plaintiff fails to present evidence that UMDNJ negatively modified his compensation or privileges of employment. To the contrary, after Plaintiff complained about having to do snow removal, following the January 17, 2006 incident, UMDNJ no longer assigned Plaintiff snow removal or stripping and waxing of floors. (Doyle Cert. Ex. B, p. 54-56.)

Plaintiff attempts to avoid this conclusion by expanding this action beyond the discrimination mentioned in his EEOC complaint. Plaintiff seeks to include the related allegations against UMDNJ for failure to assign female senior housekeepers the tasks of carpet cleaning and grounds cleaning. When determining whether a subsequent civil action should encompass forms of discrimination similar or related to those filed in the EEOC charge, courts examine: (1) whether the disputed claim would have been discovered by the EEOC in the course of a reasonable investigation; and (2) whether the claim which would have been uncovered was reasonably within the scope of the charge filed with the EEOC. *Hicks v. ABT Associates, Inc.*, 572 F.2d 960, 966-67 (3d Cir. 1978); *Sandom v. Travelers Mortg. Services, Inc.*, 752 F.Supp. 1240, 1247 (D.N.J. 1990).

If the present action was expanded to include the Plaintiff's allegation involving carpet cleaning and grounds cleaning,[1] there still would not be "sufficient evidence" from which a reasonable fact finder could find gender-based discrimination. The only evidence presented is Plaintiff's self-serving deposition testimony stating that female senior housekeepers do not perform either of these janitorial tasks.

The Court is cognizant of *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) and *Jackson v. Univ. of Pittsburgh*, 826 F.2d 230, 236 (3d Cir. 1987), where the Third Circuit determined that a plaintiff can survive a motion for summary judgment in a discrimination case based solely on his or her own self-serving testimony. However, those cases must be read in light of their facts, lest they be allowed to "undermine the entire *McDonnell-Douglas* framework by drastically limiting the possibility that summary judgment could be granted because virtually any contrary testimony by a plaintiff would preclude a grant of summary judgment to the defendants." *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 (3d Cir. 1999).

The Court understands that, when determining the propriety of summary judgment, it must not weigh evidence or make credibility determinations. On the other hand, the Third Circuit in *Pamintuan* clearly establishes the existence of sufficiency threshold which a plaintiff must surpass before he or she can survive summary judgment. The Court does not believe that Plaintiff's uncorroborated statement, particularly in as much as his statements are inconclusive, crosses this sufficiency threshold. In other words, the Court does not believe it would be reasonable, in light of the entire record, for a fact finder to infer that Plaintiff was the victim of gender-based discrimination based on his statements alone. *See Soto v. Trella*, Civ. No. 03-1098, 2007 WL 4355463, *2 (D.N.J. Dec. 10, 2007); *McLaughlin v. Diamond State Port Corp.*, Civ. No. 03-617, 2004 WL 3059543, *10-11 (D. Del. Dec. 30, 2004).

In the absence of corroborating documentation or other supporting evidence, Plaintiff has failed to establish a prima facie case of reverse gender-based discrimination and consequently summary judgment in favor of UMDNJ is appropriate.

---

[1] The Court notes that Plaintiff explicitly addressed the scope of his discrimination claim at his deposition. He stated that this claim only related to "throwing the garbage out," "snow detail" and "waxing and stripping." (Doyle Cert. Ex. B, p. 37.) When explicitly asked: "That's all that's involved in this lawsuit." He plainly answered "Yes." (*Id.*)

## **CONCLUSION**

      For the foregoing reason, UMDNJ's motion for summary judgment is **GRANTED**.  An appropriate Order accompanies this Letter Opinion.


                                             s/William J. Martini
                                             **William J. Martini, U.S.D.J.**